# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

JEFFREY ALLEN,
    Plaintiff,

v.                                                      CASE NO.

FIAT-CHRYSLER/STELLANTIS
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff complains herein against FIAT CHRYSLER/STELLANTIS for subjecting him to unlawful discrimination based upon his race, his age and retaliation. The Plaintiff is seeking relief under the law in excess of $100,000 and all other relief that the law permits.

### PARTIES

1. The Plaintiff in this matter is Jeffrey Allen at all times relevant to this complaint he was employed by the Defendant within the full meaning of the statute that governs this action.

2. The Fiat-Chrysler/Stellantis is a private employer with over 15 employees. At all times relevant to this complaint the Defendant maintained a business operation in Orange County, Florida where the Plaintiff was employed.

### JURISDICTION

3. The Court's jurisdiction in this matter is predicated upon Article V of the Florida Constitution and upon Chapter 760 of the Florida Statutes.

4. Prior to commencing this action, the Plaintiff satisfied all conditions precedent prior to filing the instant complaint. Specifically, he timely filed an EEOC Charge with the Regional EEOC office located in Miami Florida.

1

## FACTUAL ALLEGATIONS

5. The Plaintiff was employed by the Defendant at all relevant times by the Defendant at its Orlando, Florida location.

6. The Plaintiff is an African American who is over the age of forty.

7. Throughout his tenure with the Defendant, he was treated differently than his White fellow employees with respect to promotional opportunities and the application of the companies' policies and procedures.

8. The Plaintiff complained to management about acts that he perceived to be discriminatory in nature. The company failed to take appropriate action to thoroughly investigate his complaints.

9. After he complained, the Plaintiff was subjected to baseless allegations which were made up to punish him for exercising his lawful right to protect his civil rights.

10. The Defendant ultimately contrived a reason to terminate the Plaintiff. The Plaintiff grieved his termination the first time that he was terminated. Ultimately the company relented, and he was reinstated.

11. Shortly after the Plaintiff was reinstated management resumed the retaliatory allegations against the Plaintiff which were not based upon the truth. Withstanding this, the Plaintiff was terminated a second time by the Defendant.

## COUNT I DISCRIMINATION BECAUSE OF RACE IN VIOLATION OF CHAPTER 760 OF THE FLORIDA STATUTES

12. The Plaintiff incorporates by reference the allegations contained in paragraphs 1-11 as though they are fully contained herein.

13. The Plaintiff was in a protected class, to wit, he is Black/African American.

2

14. The Plaintiff met the objective qualifications to perform the duties of his job. This is evident because the Defendant hired the Plaintiff pursuant to the requirement of its job description.

15. The Plaintiff suffered multiple adverse employment actions throughout both of his tenures as an employee of the Defendant. The Plaintiff was falsely accused of violating the Defendant's policies and procedures. The Defendants knew that the Plaintiff did not violate its rules, but it accused him, nevertheless.

16. The Defendant terminated the Plaintiff on two separated occasions, without just cause to do so.

17. The Defendant did not treat its non-Black employees in the same manner that it treated the Plaintiff. No non-Black employee was falsely accused of violating the Defendant's rules and no non-Black employee was terminated twice for non-violations of the company's rules.

## COUNT II DISCRIMINATION BASED UPON RACE IN VIOLATION OF SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866

18. The Plaintiff incorporates by reference the allegations contained in paragraphs 1-11 as though they are fully contained herein.

19. The Plaintiff was in a protected class, to wit, he is Black/African American.

20. The Plaintiff met the objective qualifications to perform the duties of his job. This is evident because the Defendant hired the Plaintiff pursuant to the requirement of its job description.

21. The Plaintiff suffered multiple adverse employment actions throughout both of his tenures as an employee of the Defendant. The Plaintiff was falsely accused of violating

3

the Defendant's policies and procedures. The Defendants knew that the Plaintiff did not violate its rules, but it accused him, nevertheless.

22. The Defendant terminated the Plaintiff on two separated occasions, without just cause to do so.

23. The Defendant did not treat its non-Black employees in the same manner that it treated the Plaintiff. No non-Black employee was falsely accused of violating the Defendant's rules and no non-Black employee was terminated twice for non-violations of the company's rules.

### COUNT III DISCRIMINATION BECAUSE OF AGE IN VIOLATION OF CHAPTER 760 OF THE FLORIDA STATUTES

24. The Plaintiff incorporates by reference the allegations contained in paragraphs 1-11 as though they are fully contained herein.

25. The Plaintiff was in a protected class, to wit, he is over the age of forty.

26. The Plaintiff met the objective qualifications to perform the duties of his job. This is evident because the Defendant hired the Plaintiff pursuant to the requirement of its job description.

27. The Plaintiff suffered multiple adverse employment actions throughout both of his tenures as an employee of the Defendant. The Plaintiff was falsely accused of violating the Defendant's policies and procedures. The Defendants knew that the Plaintiff did not violate its rules, but it accused him, nevertheless.

28. The Defendant terminated the Plaintiff on two separated occasions, without just cause to do so.

29. The Defendant did not treat its younger employees in the same manner that it treated the Plaintiff. No younger employee was falsely accused of violating the Defendant's rules

4

and no younger employee was terminated twice for non-violations of the company's rules.

## COUNT IV RETALIATION IN VIOLATION OF
## CHAPTER 760 OF THE FLORIDA STATUTES

30. The Plaintiff incorporates by reference the allegations contained in allegations 1-11 as though fully contained herein.

31. The Plaintiff engaged in protected activity when he complained about discrimination committed by management.

32. After the Plaintiff complained about discrimination he was falsely and repeatedly accused of violating the Defendant's workplace rule and he was written up for the alleged violations.

33. After the Plaintiff complained about discrimination he was terminated.

34. There is a causal nexus between the Plaintiff's complaints of discrimination and the Defendant's decision to write him up for non-violations of workplace rules and ultimately terminated him from the company.

35. Some of the persons that the Plaintiff accused of discrimination played a role in the decision-making process which led to the Plaintiff's terminations.

## COUNT V RETALIATION IN VIOLATION OF
## SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866

36. The Plaintiff incorporates the allegations contained in paragraphs 1-11 as though they are fully stated herein.

37. The Plaintiff engaged in protected activity when he complained about discrimination committed by management.

5

38. After the Plaintiff complained about discrimination he was falsely and repeatedly accused of violating the Defendant's workplace rule and he was written up for the alleged violations.

39. After the Plaintiff complained about discrimination he was terminated.

40. There is a causal nexus between the Plaintiff's complaints of discrimination and the Defendant's decision to write him up for non-violations of workplace rules and ultimately terminated him from the company.

41. Some of the persons that the Plaintiff accused of discrimination played a role in the decision-making process which led to the Plaintiff's terminations.

## RELIEF SOUGHT

The Plaintiff is seeking reinstatement, compensatory compensation for loss of income. The Plaintiff is also seeking compensation for emotional pain and anguish and for loss of enjoyment of life. The Plaintiff is also seeking reasonable attorney fees and cost for commencing and maintaining this action

/s/*Jerry Girley*
Jerry Girley, Esquire
Florida Bar No. 35771
The Girley Law Firm, PA
117 E. Marks Street, Suite A
Orlando, FL 32803
Tel: (407) 540-9866
Fax: (407) 540- 9867
phyllis@thegirleylawfirm.com